## Commonwealth v. Wiyda

*John W. Walesky,* for Commonwealth.

*Joseph S. Lilienthal,* for defendant.

CURRAN, J., April 26, 1948.—Defendant is indicted to no. 346-A, September term, 1947, charged in the second and third counts of that indictment as follows:

"Second Count: and the Inquest aforesaid, inquiring as aforesaid, upon their respective oaths and affirmations, do further present, that the said Walter Wiyda, on the same day and year, within the County and within the jurisdiction of this Court with force and arms &c.:

"Being then and there the driver of a motor vehicle, to wit: a certain automobile dump truck, involved in an accident, which resulted in injuries to a person, to wit: one William Hopstetter failed to give his name, address and registration number of his said vehicle to the person struck.

"Third Count: and the Inquest aforesaid, inquiring as aforesaid upon their respective oaths and affirmations, do further present, that the said Walter Wiyda, on the same day and year, within the County and within the jurisdiction of this Court with force and arms, &c.:

"Being then and there the driver of a motor vehicle, to wit: a certain automobile dump truck, involved in an accident, which resulted in injuries to a person, failed to render reasonable assistance to the person struck and failed to carry said person, to wit: William Hopstetter, to a physician or surgeon for medical or surgical treatment, although the said William Hopstetter requested such treatment, contrary to the form of the Act of General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

Defendant moves to quash the second and third counts in the indictment, as above set forth, for the following reasons:

"1. Second Count: That the second count of the indictment in the above captioned case should be quashed for the reason that it fails to allege the necessary ingredients of the offense substantially in the language of the act of assembly under which it is laid.

"2. Third Count: That the third count of the indictment in the above captioned case should be quashed for the reason that it is entirely unsupported by any of the allegations set forth in the information of the prosecutor."

It is the contention of defendant that the second count should be quashed because the indictment does not charge all three of the offenses set forth in section 1025, subsection B, of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §634, subsection b. Defendant's position is that since the act of assembly provides: "(b) The driver . . . shall upon request give his name, address, and the registration number of his vehicle, and exhibit his operator's license to the person struck", that he is guilty of no crime unless he commits all of the offenses set forth in the above quoted act of assembly. The indictment charges that defendant failed to give his name, address and registration number of his vehicle. It omits to charge defendant with having failed to exhibit his operator's license to the person struck.

We cannot agree with the contention of defendant. Even though defendant had exhibited his operator's license, and had failed to give his name, address, and the registration of his motor vehicle, he still would have been in violation of the above quoted act of assembly. The name and address of the driver of the motor vehicle, the registration number of his vehicle and his operator's license are three separate, different and distinct facts and, while he is charged with the duty of performing all three, it does not follow that because he is charged with failure to perform two of the three

mandatory provisions of the act that he is improperly charged.

With respect to the third count in the indictment, it is the contention of defendant that the information does not support the indictment. The indictment charges that defendant, being involved in an accident which resulted in injuries to a person, failed to render reasonable assistance to the person struck, and failed to carry the said person, to wit, William Hopstetter, to a physician or surgeon for medical or surgical treatment, although the said William Hopstetter requested such treatment.

The information recites:

"That within the said County on the 2nd day of May, A. D. 1947, a certain Walter Wiyda did at about the hour of 8:30 P. M. unlawfully and wilfully drive a certain U Tag Dump Truck in a manner involving a reckless disregard of the safety of others lawfully using the streets, and by so doing, caused grievous bodily injury to one William Hopstetter, at the corner of Centre and Arch Streets, in the City of Pottsville, Pennsylvania, and that the aforesaid defendant did unlawfully fail to stop at the scene of the accident and reveal his identity."

If defendant did not stop at the scene of the accident, it certainly must follow logically that he failed to render assistance, reasonable or otherwise, to the person struck, and it must also follow that he failed to carry the person to a physician or a surgeon for medical or surgical treatment. If the essential elements of the alleged offense are set forth in common terms in the information, it is sufficient: See Commonwealth v. Spallone, 154 Pa. Superior Ct. 282, 35 A. (2d) 727; Commonwealth v. Dingman, 26 Pa. Superior Ct. 615.

And now, to wit, April 26, 1948, defendant's motion to quash is overruled.